UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------

CHRISTOPHER ROLLINS,

                        Movant,

      -against-

UNITED STATES OF AMERICA,

                        Respondent.

---------------------------------------------------------------

OPINION & ORDER

15-CV-07154 (WHP)

13-CR-00362 (WHP)

WILLIAM H. PAULEY III United States District Judge:

        Petitioner pro se Christopher Rollins brings this habeas petition pursuant to 28 U.S.C. §2255 to vacate his conviction and sentence of 151 months of imprisonment. He claims his Sixth Amendment rights were violated due to the ineffective assistance of his trial counsel. For the following reasons, Rollins' petition for habeas relief is denied.

## BACKGROUND

        On March 15, 2013 Rollins was indicted on three counts: (1) conspiracy to distribute narcotics in violation of 21 U.S.C. § 846, (2) participation in a Hobbs Act robbery conspiracy in violation of 18 U.S.C. § 1951–52, and (3) carrying a firearm in relation to a Hobbs Act robbery conspiracy in violation of 18 U.S.C. § 924(c)(1)(A)(i) and (2). The charges stemmed from Rollins' participation in a scheme to rob a shipment of drugs. (See Government's Opposition to Petitioner's § 2255 Motion ("Opp."), ECF No. 8, Ex. A ¶¶ 9–22.)

        Rollins pled guilty to Count Two of the indictment on April 8, 2014. (See Opp., Ex. B.) The plea agreement contained a waiver of Rollins' right to appeal or otherwise challenge his sentence and stipulated that "the defendant will not file a direct appeal; nor bring a collateral challenge, including but not limited to an application under Title 28, United States Code, Section 2255 and/or Section 2241; nor seek a sentence modification pursuant to Title 18, United States Code, Section 3582(c), of any sentence within or below the Stipulated Guidelines Range of 151

to 188 months' imprisonment." (Opp., Ex. B at 6.) On September 11, 2014 this Court sentenced Rollins to 151 months' imprisonment and three years of supervised release. One year later, Rollins filed this habeas petition, alleging ineffective assistance of counsel. (See Memorandum of Facts and Law in Support of Motion to Vacate Sentence Pursuant to 28 U.S.C. § 2255 ("Mot. Br."), ECF No. 2.)

## LEGAL STANDARD

The Sixth Amendment protects the right to effective assistance of counsel, and § 2255 provides an avenue of relief for violations of that right. See Morales v. United States, 635 F.3d 39, 42–43 (2d Cir. 2011). To prevail on an ineffective-assistance claim, a petitioner must show that: (1) his attorney's representation fell below an objective standard of reasonableness; and (2) there is a reasonable probability that, but for the deficiency in representation, the result of the proceeding would have been different. Lynch v. Dolce, 789 F.3d 303, 311 (2d Cir. 2015), citing Strickland v. Washington, 466 U.S. 668, 687–88, 693–94 (1984).

When a petitioner is proceeding pro se, courts must read the petition and supplemental submissions liberally, interpreting them to raise the strongest arguments they suggest. See McPherson v. Coombe, 174 F.3d 276, 280 (2d Cir. 1999); see also Green v. United States, 260 F.3d 78, 83 (2d Cir. 2001) (applying same principle to pro se motions filed pursuant to § 2255). However, self-serving, conclusory allegations are insufficient to establish ineffective assistance of counsel. See United States v. Torres, 129 F.3d 710, 715–17 (2d Cir. 1997).

## DISCUSSION

Before considering the merits of Rollins' ineffective-assistance claim, this Court must address the effect of the waiver of his right to collaterally attack his sentence in the plea agreement. This analysis consists of two questions: is the waiver valid and, if so, does it act as a procedural bar to the instant petition? See Garcia-Santos v. United States, 273 F.3d 506, 508 (2d Cir. 2001).

I.     **Validity**

A criminal defendant may waive the right to appeal and collaterally attack his sentence under § 2255.  See United States v. Riggi, 649 F.3d 136, 140 (2d Cir. 1999).  Such waivers are valid and enforceable so long as the defendant enters into the plea agreement knowingly and voluntarily.  See Garcia-Santos, 282 F.3d at 508 (waiving right to direct appeal), citing United States v. Pipitone, 67 F.3d 34, 38 (2d Cir. 1995) (waiving right to collateral attack under § 2255).  "The standard . . . remains whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant."  Parke v. Raley, 506 U.S. 20, 28–29 (1992).  Courts give considerable weight to a defendant's statements of knowledge and understanding at the plea allocution, particularly when "during the plea hearing, the defendant's attention was drawn to the waiver."  Abrams v. United States, No. 11-CV-672, 2012 WL 4086765, at *3 (E.D.N.Y. Sept. 17, 2012); see also United States v. Applebaum, No. 94-CR-209, 1995 WL 723348, at *10 (S.D.N.Y.  Dec. 7, 1995) ("[A] defendant's statements at a plea allocution carry a strong presumption of veracity . . . [and] are conclusive absent credible reason justifying departure from their apparent truth.").

Here, Rollins signed the plea agreement containing the waiver and affirmed his knowledge and understanding of the waiver provision on the record after substantial discussion with this Court.  See Garcia-Santos, 273 F.3d at 508 (finding that defendant's waiver "was entered into knowingly and voluntarily, and with awareness of his waiver of appeal and collateral attack" where defendant "signed the plea agreement . . . [and] stated to the magistrate judge that he had read and understood the agreement"); see also Plea Allocution Transcript ("Tr."), No. 13-CR-362, ECF No. 43 at 14:17–22) ("THE COURT: Do you understand that under the terms of this plea agreement that you are giving up or waiving your right to appeal or otherwise challenge your sentence if this court sentences you within or below the stipulated guidelines range of 151 to 188 months of imprisonment? THE DEFENDANT: Yes.").  At no

3

point during the five months between the plea allocution and sentencing did Rollins seek to withdraw his guilty plea or claim that he made it involuntarily or by mistake. Accordingly, Rollins executed a knowing and voluntary waiver of his right to collateral attack under § 2255.

II. **Procedural Bar**

"An ineffective assistance of counsel claim survives the guilty plea or the appeal waiver only where the claim concerns the advice [the defendant] received from counsel" as to the substance of the plea. Parisi v. United States, 529 F.3d 134, 138 (2d Cir. 2008)  Appeal waivers that result from ineffective assistance of counsel are unenforceable because the "very product of the alleged ineffectiveness cannot fairly be used to bar a claim of ineffective assistance of counsel." Cross v. Perez, 823 F. Supp. 2d 142, 151 (E.D.N.Y. 2011).  Rollins' waiver of his collateral-attack rights will act as a procedural bar to this petition unless he can show a connection between the ineffective assistance of his counsel and his own knowing and voluntary acceptance of the plea. See Parisi, 529 F.3d at 139 (finding that "challenging the attorney's advice about [the defendant's] bargaining position, by connecting the knowing and voluntary nature of the defendant's plea decision with the attorney's conduct" avoids the procedural bar of an appeal waiver).

Rollins acknowledged at the plea allocution that he had discussed the plea with his attorney and fully understood it. See Tr. at 13:23–14:7 ("THE COURT: Did you discuss [the plea] with your attorney before you signed it? THE DEFENDANT: Yes. THE COURT: Did you fully understand this agreement at the time you signed it? THE DEFENDANT: Yes. THE COURT: Does this agreement represent your complete and total understanding of the entire agreement among the government, your attorney and you? THE DEFENDANT: Yes.").  In response to this Court's order, Rollins' trial counsel submitted an affidavit regarding Rollins' decision to accept the plea agreement.  (See Affidavit of David K. Bertan (Bertan Aff.), 13-CR-362, ECF No. 87.)  Counsel affirms that he "explained [the waiver] provision to Mr. Rollins as

we reviewed the plea agreement" and also "explicitly explained that in the event Mr. Rollins was sentenced to a term within the advisory guidelines range stated in the plea agreement, he could not challenge his conviction." (Bertan Aff. at 3–4.)  Rollins claims that his attorney told him "he could not appeal but he could file a 2255 within one year of being sentence[d]."  (Defendant's Answer to Government's Opposition, ECF No. 12 at 10.)  However, no evidentiary hearing is necessary when a petitioner's claims are "directly contradicted by his clear statements at allocution" or are "simply conclusory."  United States v. Gonzalez, 970 F.2d 1095, 1100 (2d Cir. 1992).  Rollins' petition is procedurally barred by his knowing, voluntary waiver of his right to collaterally attack his sentence under § 2255.

## CONCLUSION

Rollins' motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 is denied without need for an evidentiary hearing.  Because Rollins has not made a substantial showing of a denial of a constitutional right, a certificate of appealability will not issue.  See 28 U.S.C. § 2253(c).  The Clerk of Court is directed to mark this case as closed.  The Clerk of Court is further directed to mail a copy of this Order to Petitioner and note service on the docket.

Dated: March 13, 2017
New York, New York

SO ORDERED:

_____
WILLIAM H. PAULEY III
U.S.D.J.